IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERCOM VENTURES, LLC, d/b/a BOSNA TV,<br>Plaintiff,<br>v.<br><br>FASTV, INC., d/b/a BALKANIA TV, FTA MARKET, INC., SETPLEX, LLC, DREN DEVA, LIONEL DRESHAJ, BENJAMIN DRESHAJ, MILOMIR MILJANOVIC and SNEZANA MILJANOVIC, d/b/a NOSTALGIA MUSIC SHOP,<br>Defendants. | No.  13 C 232<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Intercom Ventures, LLC ("Intercom"), doing business as Bosna TV, commenced this action against various individuals and entities alleging direct and contributory copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*, and violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 605, *et seq.*  Defendants FasTV, Inc. ("FasTV"), FTA Market, Inc. ("FTA"), Setplex, LLC ("Setplex"), Dren Deva, Lionel Dreshaj, and Benjamin Dreshaj (collectively "Defendants") move pursuant to Federal Rules of Civil Procedure 12(b)(6) and 10(b) to dismiss Counts I and II of Intercom's Complaint.  For the reasons stated below, the Court denies the Defendants' motion.

## STATEMENT OF FACTS

The following facts are taken from Intercom Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).  All reasonable inferences are drawn in favor of Intercom, the non-moving party. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d

667, 670 (7th Cir. 2006)).

Plaintiff Intercom Ventures, LLC is a limited liability company that does business under the registered name Bosna TV. (Complaint, ¶ 5.) Bosna TV is engaged in the business of providing Internet Protocol Television ("IPTV") to a Bosnian language speaking consumer base in the United States. (*Id.* ¶ 13.) IPTV is a digital television service which distributes television programming by sending coded digital transmissions over the Internet in a form capable of translation by home devices in conjunction with standard television receivers. (*Id.* ¶ 14.)

Bosna TV is the owner of exclusive rights to distribute certain television programs and episodes of those programs (the "Programming") in the United States and worldwide. (*Id.* ¶ 15.) Specifically, Bosna TV holds exclusive rights for distribution in the United States all of the programming produced and distributed by the following television channels and contract periods: (1) BHT, commencing October 11, 2011 for an initial term of five years with an option for an additional three years; (2) Federaina TV, commencing January 6, 2011 for a term of three years; (3) RTV Novi Pazar, commencing December 1, 2008 for a term of five years; (4) OTV Valentino, commencing November 6, 2011 for a term of five years; (5) Alfa TV, commencing November 7, 2011 for a term of five years; (6) TV1, commencing December 16, 2010 for a term of five years; and (7) Hayat Folk, commencing August 8, 2011 for a term of five years (the "Channels"). (*Id.* ¶ 16.) Bosna TV receives these rights from originators who create, develop, and produce the programming outside of the United States. Bosna TV then airs the Programming either outside of the United States exclusively or outside and within the United States simultaneously. (*Id.* ¶ 15.) Bosna TV obtained and held exclusive rights to distribute the Programming produced by the Channels continuously and remains the sole owner of those rights. (*Id.* ¶ 17.)

2

FasTV is a New York corporation that streams content and programming over the Internet to subscribers by downloads from its website, located at www.FasTV.com, directly to television receiving equipment provided to its subscribers. (*Id.* ¶ 6.) FasTV competes with Bosna TV for subscribers to IPTV services by offering, distributing, or arranging the distribution of Bosnian language television programming to which Bosna TV holds exclusive rights pursuant to licenses issued by the originators of the programming. (*Id.* ¶ 18.) Since August 8, 2011, FasTV does not and has not ever had authorization from Intercom or the originators of the content to offer or distribute the Programming. (*Id.* ¶ 19.)

Intercom alleges that FasTV directly infringed the copyrights to which Bosna TV has exclusive rights by distributing, without authorization, the Programming of the channels after Bosna TV obtained exclusive rights. (*Id.* ¶ 21.) According to Intercom, FasTV continues to broadcast BHT, Federaina TV, OTV Valentino, and Hayat Folk – all channels to which Bosna TV holds the exclusive rights. (*Id.* ¶ 22.) Intercom further alleges that the following defendants materially contributed to FasTV's violation of copyright laws by facilitating, managing, or directing the unauthorized distribution of Bosnian language television programming to which it holds exclusive rights: Dren Deva, the President of FasTV; FTA, an entity that purports to hold trademark rights to the name "FasTV"; Setplex, an entity that provides the equipment and services necessary for FasTV to deliver content and programming to subscribers; and Lionel Dreshaj and Benjamin Dreshaj, officers of FTA and managers of Setplex. (*Id.* ¶¶ 7–11, 28–32.) Specifically, Intercom alleges that Defendants Deva and FTA entered into contracts with subscribers for the Programming and caused the copyrighted programming to be delivered to subscribers through FasTV's website. (*Id.* ¶ 28–29.) Intercom also alleges that Setplex contributed to the

3

infringement by maintaining FasTV's website, platform, and delivery systems for the solicitation of subscribers and the delivery of programming to which Intercom holds exclusive rights. According to Intercom, Lionel and Benjamin Dreshaj managed and directed the activities of FTA and Setplex. (*Id.* ¶¶ 31–32.) Both FTA and Setplex share office space with FasTV. (*Id.* ¶¶ 9–10.)

Count III of Intercom's Complaint alleges that the Defendants engaged in the unauthorized publication or use of communications in violation of the Federal Communications Act of 1934, 47 U.S.C. § 605(e)(4). Specifically, Intercom alleges that each of the Defendants has and continues to intentionally pirate, retransmit, and publish to its own subscribers programming exclusively licensed to Bosna TV without Bosna TV's permission. (*Id.* ¶ 38.) Intercom alleges that in conjunction with these acts, each of the Defendants has manufactured, imported, modified, exported, sold, or distributed electronic devices or equipment for use by their customers to display programming to which Bosna TV holds exclusive rights.

## **STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Killingsworth*, 507 F.3d at 618 (citing *Savory*, 469 F.3d at 670); *accord Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a compliant must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To

determine whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 8(a)(2) imposes "two easy-to-clear hurdles" that a complaint must satisfy in order to survive a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6). *Tamayo*, 526 F.3d at 1084 (quoting *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, a complaint must describe the plaintiff's claims and the grounds supporting them in "sufficient detail to give the defendants fair notice" of the claims alleged against them. This requires more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Concentra*, 496 F.3d at 776.

Second, to survive a motion to dismiss, the court determines whether the well-pleaded allegations, if true, "plausibly suggest a right to relief, raising that possibility above a speculative level." *See Iqbal* 556 U.S. at 679; *Concentra*, 496 F.3d at 776. A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. "The plausibility standard … asks for more than a sheer possibility that a defendant acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). " 'Plausibility' in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Rather, *Twombly* and *Iqbal* require "the plaintiff to 'provide some specific facts' to support the legal claims asserted in the complaint." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Brooks v. Ross*, 578 F.3d

574, 581 (7th Cir. 2009)). Though the "degree of specificity required is not easily quantified, … 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.' " *Id.* (quoting *Swanson*, 614 F.3d at 404). If a complaint does not satisfy these two criteria, "the plaintiff pleads itself out of court." *Concentra*, 496 F.3d at 776. Accordingly, a motion to dismiss may be properly granted where the plaintiff does not allege a plausible entitlement to relief either by (1) failing to provide the defendant with notice of plausible claims against it or (2) asserting only speculative or conclusory allegations in the complaint.

## DISCUSSION

### I. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)

In order to state a claim for direct copyright infringement, a plaintiff must allege facts setting forth (1) ownership of a valid copyright in a work and (2) the copying of elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc.*, 265 F.3d 638, 644 (7th Cir. 2001). The allegations set forth in Intercom's Complaint satisfy both requirements. First, Intercom alleges that it is the owner of exclusive rights to distribute the Programming "pursuant to licenses issued by the originators" of that programming (Complaint, ¶¶ 15, 17.) Intercom also alleges these rights extend to "all of the programming produced and distributed" by the seven channels identified in its Complaint. (*Id.* ¶ 16.) Intercom further alleges that it holds these rights pursuant to contracts it entered into with the providers of the Channels. (*Id.* ¶ 16.) The Complaint goes on to list the commencement date and duration of each contract Bosna TV entered into with the Channels. (*Id.*) Finally, Intercom sets forth the method of infringement – distribution of content and programming over the Internet to subscribers via downloads from FasTV's website,

www.FasTV.com, to equipment provided by the Defendants. (*Id.* ¶ 6.) The Court finds these allegations sufficient to state a claim for direct copyright infringement. At this stage in the proceedings, Intercom must simply allege, not prove, ownership and infringement of a valid copyrighted work. Furthermore, claims for copyright infringement must satisfy the pleading requirements under Rule 8 and need not be pleaded with heightened specificity. *See Mid America Title Co. v. Kirk*, 991 F.2d 417, 421 (7th Cir. 1993); *see, e.g., Goden v. Nadler Pritikin & Mirabelli*, No. 05 C 283, 2010 WL 5373876, at *1 (N.D. Ill. Dec. 21, 2010) ("Indeed, the Seventh Circuit has declined to require any type of heightened pleading standard for copyright cases."). Intercom's allegation that it owns rights to "all" programming produced and distributed by the seven channels is broad, but it is not ambiguous. *See Merriam-Webster Dictionary Online, available at* http://www.merriam-webster.com/dictionary/all (last visited May 15, 2013) (defining "all" as "every member or individual component of"). The Defendants correctly point out that it "is possible that some of the programming was not produced by the channels themselves or not distributed under the exclusive license." (Def. Mot. ¶ 7.) That, however, is an issue to be addressed by the parties at a later stage in the proceedings; it need not be resolved in order for Intercom to state a claim. At this stage in the proceedings, the Court finds that the allegations in the Complaint sufficiently "present a story that holds together." *McCauley*, 671 F.3d at 616 (quoting *Swanson*, 614 F.3d at 404).

Having decided that Intercom has properly stated a claim for direct copyright infringement, the Court now turns to whether the allegations set forth in the Complaint are sufficient to state a claim for contributory copyright infringement against Defendants Deva, FTA, Setplex, Lionel Dreshaj and Benjamin Dreshaj. Contributory copyright infringement occurs where a defendant

"with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." *In re Aimster Copyright Litig.*, 252 F.Supp.2d 634, 654 (N.D. Ill. 2002), *aff'd,* 334 F.3d 643 (7th Cir. 2003); *see also Gershwin Publ'g Corp. v. Columbia Artists Mgmt.*, 443 F.2d 1159, 1162 (2d Cir. 1971). Accordingly, to state a claim for contributory copyright infringement, a plaintiff must plead "(1) direct infringement by a primary infringer, (2) the defendant's knowledge of the infringement, and (3) the defendant's material contribution to the infringement." *Monotype Imaging, Inc. v. Bitstream, Inc.*, 376 F.Supp.2d 877, 883 (N.D. Ill. 2005) (citing *Marobie-Fl, Inc. v. National Ass'n of Fire Equip. Distrib. & Northwest Nexus, Inc.*, 983 F.Supp. 1167, 1178 (N.D. Ill. 1997)).

For the reasons stated above, Intercom's Complaint satisfies the first element by sufficiently alleging direct infringement by a primary infringer, FasTV. With respect to the second and third elements, Intercom alleges a basis for each defendant's knowledge of the alleged infringing activity and describes the nature of each defendant's contribution to the alleged infringement. Specifically, Intercom alleges: (1) Deva, as the President of FasTV, entered into contracts with subscribers for the copyrighted programming and caused that programming to be delivered to those subscribers; (2) FTA shared office space with FasTV and entered into contracts with subscribers for copyrighted programming; (3) Setplex shared office space with FasTV and maintained the website, platform, and delivery system for the solicitation of subscribers and the delivery of programming with knowledge that FasTV lacked the required authorization for programming to which Intercom holds exclusive rights; and (4) Lionel and Benjamin Dreshaj, as members and managers of FTA and Setplex, engaged in both the entering of contracts and maintenance of the website used to carry out the infringement. While these are not "detailed

8

factual allegations," they are allegations that, when accepted as true, state claims for contributory copyright infringement that are plausible on their face. *See Iqbal*, 556 U.S. at 678.

## II.    Defendants' Motion to Dismiss Pursuant to Rule 10(b)

Defendants also argue that Intercom's Complaint fails to comply with Federal Rule of Civil Procedure 10(b) because it "commingles" separate occurrences and claims stemming from different purported licenses. Rule 10(b) requires that a party limit its claims and defenses "as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense." Fed.R.Civ.P. 10(b); *see Frederisksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). The purpose of Rule 10(b), in conjunction with Rule 8, is to "give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citations omitted). Accordingly, dismissal is appropriate where a complaint is so unintelligible that the defendant cannot reasonably be expected to be on notice of the plaintiff's claims. *Id.* at 798 ("[T]he issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful act, dismissal is an appropriate remedy."); *see also Second Amendment Arms v. City of Chi*, No. 10-cv-4257, 2012 WL 4464900, at *9 (N.D. Ill. Sept. 25, 2012) ("The lodestar of Rule 10 is intelligibility, good organization, and basic coherence.") (alterations and quotations marks omitted); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1376 (3d ed. 1998) ("Rule 10(b) is designed to improve the intelligibility of pleadings.").

Intercom's Complaint, though not ideally structured, is not unintelligible or incoherent. The substantive portion of the Complaint begins with a section setting forth allegations that are

9

"common to all claims." That portion of the Complaint is followed by three separate sections setting forth the facts pertinent to each of Intercom's claims. Defendants suggestion—that Intercom allege separate counts for each claim against each defendant and each purported license—would result in a Complaint comprising dozens of counts, most of them repetitive, and ultimately result in confusion, not clarity. Accordingly, dismissal pursuant to Rule 10(b) is not necessary and would only serve to further delay this case. Defendants' Motion to Dismiss pursuant to Rule 10(b) is denied.

## III. Defendants' Motion to Extend Time to Respond to Count III

Count III of Intercom's Complaint alleges that the Defendants violated certain provisions of the Federal Communications Act of 1934. Defendants have not challenged the sufficiency of the pleadings with respect to Count III and state explicitly that their motion is directed toward Counts I and II. The Defendants have also not responded to Count III of Intercom's Complaint in the form of an Answer. Accordingly, the Defendants request that in the event the Court denies their Rule 10(b) motion, any response to Count III be deferred until after this Court has ruled on the pending Motion to Dismiss Counts I and II.

After setting forth deadlines for filing responsive pleadings, Federal Rule of Civil Procedure 12(a) provides that "[u]nless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) If the court denies the motion or postpones its disposition until the trial, the responsive pleading must be served within 14 days after notice of the court's action …." Fed.R.Civ.P. 12(a)(4)(A). While "[i]t is unclear from the language of Rule 12(a) whether service of a Rule 12(b) motion directed at only parts of a pleading enlarges the period of time for answering the remaining portion of the pleading[,] …. the weight of the limited authority

on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion." 5B Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1346 (3d ed.); *see, e.g., Oil Express Nat., Inc. v. D'Alessandro*, 173 F.R.D. 219 (N.D. Ill. 1997) (extending time to answer counts not addressed in motion to dismiss for 10 days after the court's ruling on the counts challenged in the 12(b)(6) motion); *Compton v. City of Harrodsburg, Ky.*, 287 F.R.D. 401, 402 (E.D. Ky. 2012) (granting motion to extend time to file answer granted where defendants filed partial motion to dismiss, finding that "requiring parties to file responsive pleadings in a piecemeal fashion would undoubtedly create duplicative sets of pleadings … and would cause confusion") (quotations omitted); *Talbot v. Sentinel Ins. Co., Ltd.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012) (collecting cases and agreeing with the "majority of courts that have held that a pending motion to dismiss, although it may only address some of the claims alleged, tolls the time to respond to all claims under Rule 12(a)(4)").

Accordingly, because the Defendants here filed a timely Rule 12(b)(6) motion that does not challenge all of Intercom's claims, Defendants are not required to file an answer to Count III until 14 days after the Court has issued this Order.  This ruling is limited to the filing of an answer and should not be interpreted as a grant of permission to file a belated motion to dismiss Count III, which the Defendants had the opportunity to file with the instant motion. *See* Fed.R.Civ.P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

**CONCLUSION AND ORDER**

For the reasons stated, the Defendant' Motion to Dismiss is denied. Defendants are granted 14 days to after the entry of this Order to answer the allegations set forth in Count III.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 28, 2013